IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERRY BOREN, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-07-525-S-BLW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN JOHANNA SMITH, ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Court previously conducted an initial review of Plaintiff Gerry Boren's prisoner civil rights Complaint in which he claimed that the quantity and quality of the food that he is served at the Idaho Maximum Security Institution (IMSI) did not comply with the Eighth Amendment. After finding most of his allegations to be frivolous, the Court concluded that he had stated a potential claim for relief regarding inadequate food portions. (Docket No. 5, p. 2.)

The Court ordered the Defendants "to undertake a brief investigation of the issues of whether Plaintiff is being provided the minimal civilized measure of life necessities regarding meal portions and no lunch service on the weekends." (Docket No. 5, pp. 2-4.)  Defendants have since complied with this order.  After re-examining Plaintiff's Complaint, the Court concludes that he has failed to allege

**ORDER - 1**

sufficient facts to state a claim for relief.

The Eighth Amendment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of" a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). It is thus clear that prisoners do not have a right to food that is aesthetically pleasing or especially flavorful. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (holding that serving "Nutriloaf" under certain conditions in a segregated housing unit was not cruel and unusual punishment). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). However, prison food must still be "adequate to maintain health." *LeMaire*, 12 F.3d at 1456.

Defendants have now provided information to the Court establishing the portion sizes and the caloric requirements for the menus that are prepared for IDOC prisoners. (Docket No. 6, Attachments 1, 2.)[1] In his Complaint, Plaintiff does not set forth the type or amount of food that is actually being served to him at IMSI, alleging only that "the portions are not big enough." (Complaint, p. 18.)

---

[1] The Court shall also take judicial notice of the Affidavit of Katie Hall filed in *Orr v. Dawson, et al.*, CV 06-053-S-BLW, Docket No. 44.

**ORDER - 2**

More importantly, Plaintiff has failed to plead facts from which a factfinder could reasonably conclude that he has been harmed by the quantity or quality of the food that is served, such as weight loss or an illness due to inadequate nutrition, or that a substantial risk of such harm exists.  *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (noting that the prisoner must show more than "routine discomfort" of prison life).

While a court must construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is not "bound by conclusory allegations, unwarranted inferences, or legal conclusions." *See, e.g., Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  A court may dismiss a complaint or claim when there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  That is the case here, and the Complaint shall be dismissed, but the Court shall grant Plaintiff leave to attempt to cure these deficiencies in an Amended Complaint before final judgment is entered.  28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Complaint is DISMISSED with leave to amend.  The Clerk of Court shall close this case, subject to being reopened upon the filing of an Amended Complaint.

IT IS FURTHER ORDERED that if Plaintiff intends to file an Amended

**ORDER - 3**

Complaint, he shall do so within 30 days of the date of this Order.  The failure to file an Amended Complaint will result in the entry of final judgment dismissing the case.

DATED:  **April 27, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**